UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GEORGE BORETTI,

       Petitioner,

                                  Case Number: 02-74648

v.

                                  HONORABLE PATRICK J. DUGGAN

KENNETH MCGINNIS,

       Respondent.

                                     /

## OPINION AND ORDER
## DENYING PETITIONER'S MOTION TO AMEND JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 27, 2006.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On November 21, 2002, Petitioner David George Boretti filed a *pro se* petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court

convictions in 2000 of operating under the influence of liquor, third offense, and driving

with license suspended, second offense.  At the time Petitioner filed his habeas petition,

he was on parole.  This Court dismissed the petition without prejudice on November 10,

2003, concluding that Petitioner failed to exhaust all available state court remedies prior

to filing his habeas petitioner.  In its opinion and order dismissing the petition, the Court

provided that "Petitioner may re-file his petition within 60 days of exhausting his state

court remedies, provided that Petitioner institutes his state court remedies within 60 days

from the date of this Order.  For statute of limitations purposes, the original filing date of

the present petition shall apply to the re-filed case." 11/10/03 Op. and Order at 6 (citing

*Duncan v. Walker*, 533 U.S. 167, 182-83, 121 S. Ct. 2120, 2130 (2001)).  On December

31, 2003, the order was amended to give petitioner 95 days from November 10, 2003, to

pursue his state court remedies.

On February 12, 2004, Petitioner was discharged from his sentence by order of the

Michigan Parole Board.  *See Boretti v. McGinnis*, No. 06-10805, Op. and Order of

Summary Dismissal (2/28/06)(J. Cohn).  On February 13, 2004, Petitioner filed a post-

conviction motion for relief from judgment in the state court, which was denied.  *People*

*v. Boretti*, No. 99-168010-FH (January 10, 2005).  The Michigan appellate courts denied

Petitioner's applications for leave to appeal.  *People v. Boretti*, 260557 (Mich. Ct. App.

August 16, 2005); *lv. den.* 474 Mich. 977 (August 31, 2005).

On February 23, 2006, Petitioner filed another petition for writ of habeas corpus in

the United States District Court for the Eastern District of Michigan, which was assigned

to the Honorable Avern Cohn.  On February 28, 2006, Judge Cohn summarily dismissed

the petition due to Petitioner's release from custody prior to filing his application for

habeas relief.  *Boretti v. McGinnis*, No. 06-10805 Op. and Order of Summary Dismissal

(2/28/06).

On March 13, 2006, Petitioner filed a motion entitled "Motion to Amend Either of

Two Judgments Entered in the District Court."  In his motion, Petitioner relies on Eastern

District of Michigan Local Rule 7.1 and Federal Rule of Civil Procedure 59(e) and argues

that he was "betrayed" by this Court in that he was misled to believe that the Court

retained jurisdiction over his initial petition.  Petitioner argues that if the Court had

retained jurisdiction, he would have been "in custody" at the time he filed his petition.

The Court concludes that Petitioner is not entitled to relief with respect to this

Court's November 10, 2003 opinion and order because there was no defect in the Court's

decision.[1]  28 U.S.C. § 2254(b)(1) requires a habeas petitioner to exhaust all available

state court remedies prior to filing a petition for a writ of habeas corpus and dismissal is

appropriate when the petition contains unexhausted claims.  Nothing in the Court's

opinion suggested that the Court retained jurisdiction over the petition; in fact the opinion

clearly stated that the application was dismissed without prejudice and that Petitioner

could "re-file his petition" within 60 days of exhausting his state court remedies, provided

that Petitioner institute[d] his state court remedies within [95] days from the date of th[e]

Order."

Moreover, the Court notes that Petitioner did not comply with this Court's

previous order.  By seeking relief in state court on February 13, 2004, it appears that

Petitioner complied with the requirement that he institute his state court remedies within

95 days of this Court's order.  However, Petitioner clearly failed to re-file his petition

---

[1]In his motion, Petitioner also seeks an amendment to Judge Cohn's February 28, 2006 opinion and order.  Any arguments with respect to Judge Cohn's decision must be addressed to and resolved by Judge Cohn.

within sixty days of exhausting his state court remedies– i.e., within 60 days of the

decision of the Michigan Supreme Court denying leave to appeal.

Accordingly,

**IT IS ORDERED**, that Petitioner's motion to amend is **DENIED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copy to:
David George Boretti
Southfield, MI 48034

William Campbell